IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JEROME TERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 09-CV-1210-RBP-PWG |
| ) | |
| CHARLES BAILEY, et al. ) | |
| ) | |
| Defendants. ) | |

ORDER and MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 19, 2009, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(2) as seeking monetary relief from a defendant who is immune from such relief. On October 26, 2009, the plaintiff filed objections to the magistrate's report and recommendation. (Doc. #11). On October 27, 2009 plaintiff filed a motion to strike the October 26, 2009 objections. (Doc. #12). The plaintiff's motion to strike the October 26, 2009 objections to the magistrate's report and recommendation is hereby GRANTED.

The plaintiff filed further objections, a motion for reconsideration of the magistrate judge's report and recommendation, and a statement of facts. (Docs. #13, 14 & 15). The plaintiff argues that the defendants are not entitled to qualified immunity because they exhibited a deliberate indifference to a substantial risk of serious harm in violation of his constitutional rights. *Id*. In order to support a claim for deliberate indifference in violation of the Eighth Amendment the plaintiff must first show that there was a known risk of serious injury. The known risk of injury must be a strong likelihood, rather than a mere possibility. *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir.1990) (citations and

internal quotations omitted). The defendants were allegedly aware of a disagreement between plaintiff and his fellow inmate over a bed assignment. However, nothing in the pleadings indicate that defendants were aware of events or circumstances from which they could have drawn the inference that it was a "strong likelihood" that the plaintiff would be injured the following day as a result of an altercation.[1] Moreover, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). Merely negligent failure to protect an inmate from attack does not justify liability under §1983. *See Chatham v. Adcock*, 2009 WL 1788719 (11th Cir. 2009) (holding that officers were not deliberately indifferent to the risk of harm posed by fellow inmate who later assaulted plaintiff, where plaintiff did not report any specific serious threats to officers). Because the alleged facts fail to show that defendants' acts or omissions violated clearly established constitutional law, the defendants are entitled to qualified immunity. Accordingly, the motion for reconsideration is hereby DENIED.

Having reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) as seeking monetary relief from a defendant who is immune from such relief. A Final Judgment will be entered.

The clerk is directed to TERM documents #10, 12 and 14.

---

[1] The plaintiff appears to concede that even he did not know of the risk of injury. In the statement of facts filed November 14, 2009, the plaintiff states he did not know Dorsey was going to act out, and there was no way he could put defendants on notice. (Doc. #15).

DATED this 20th day of November, 2009.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**